UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARED A. MYNATT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HYATTE, et al.,<br><br>Defendants. | CAUSE NO. 3:20-CV-893-RLM-MGG |

<u>1983 - OPINION AND ORDER</u>

Jared A. Mynatt, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging the medical care he received after a fall at Miami Correctional Facility was constitutionally deficient. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Mynatt's complaint alleges that on January 13, 2020, he slipped and fell while he was walking back from the shower in the RHU. ECF 2 at ¶ 1. His head was bleeding, and his foot and ankle were bruised and swollen. He asked for medical assistance, and Correctional Officer Michaels picked him up and put him in his cell without getting him medical treatment. Mr. Mynatt alleges that next he asked the

RHU Sergeant Ruckle for medical attention, but he replied, "I don't have time right now to deal with you." Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Giving the inferences Mr. Mynatt is entitled to at this stage, the complaint plausibly alleges Officer Michaels and Sergeant Ruckle were deliberately indifferent to a serious medical need.

Mr. Mynatt alleges that he attempted to get medical attention from LPN Vicky McFatridge the next morning at medication pass. ECF 2 at ¶ 2. He showed her his bloody head and swollen ankle and told her that he had fallen and blacked out like a seizure. He showed her that his foot had swollen to softball size, and he was complaining of severe pain. She told him to "file a HCR" (healthcare request). *Id*. It's not deliberate indifference to insist an inmate follow administrative procedures to

2

receive medical care for non-urgent matters, *see* Lewis v. McLean, 941 F.3d 886, 894 (7th Cir. 2019), but the extent of the injuries alleged for a recent injury allows a reasonable inference that Mr. Mynatt needed faster medical attention than a healthcare request could provide. "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (quotation marks omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." Petties v. Carter, 836 F.3d 722, 730 (7th Cir. 2016). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." Perez v. Fenoglio, 792 F.3d 768, 781 (7th Cir. 2015) (quoting Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)). Mr. Mynatt has plausibly alleged that LPN McFatridge was deliberately indifferent to his serious medical needs.

Mr. Mynatt alleges that he spoke to LT Thompson later that day about his need for medical care, and he was told, "I don't control healthcare." ECF 2 at ¶ 3. Nonmedical staff ordinarily are entitled to rely on medical personnel's treatment decisions. *See* Arnett v. Webster, 658 F.3d 742, 755 (7th Cir. 2011) ("[I]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." (citing Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004))). But when a prisoner alleges that he is receiving no medical care for a serious medical need, a nonmedical officer has an obligation to take

3

some action. *See* King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) (if nonmedical officers have a reason to believe that medical personnel are not treating a prisoner, they can be found deliberately indifferent). Accordingly, Mr. Mynatt states a claim on which relief might be granted against LT Thompson.

The allegations against the remaining defendants don't state a claim for which relief could be granted. Mr. Mynatt alleges that, as part of the grievance process, he "wrote Request slips to Superintendent Hy[a]tt, Asst. Superintendent Hawk, Ms. Heishman and Health Care Supervisors John/Jane Doe concerning my injuries and lack of assistance." ECF 2 at ¶ 4. These broad allegations, without more, don't establish the personal responsibility necessary for § 1983 liability:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). Mr. Mynatt can't proceed against the unidentified defendants, Case Manager John Doe and Health Care Supervisors John/Jane Doe. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

One further matter requires discussion. In the relief section, in addition to compensatory damages, Mr. Mynatt seeks injunctive relief for better staff training in

4

escorting inmates to and from the showers; to fix the shower drains to prevent flooding; to add caution signs about slippery floors; and to have cameras placed in the RHU. ECF 2 at § V. These requests aren't appropriate in this case. Mr. Mynatt's claim concerns the medical care following his injury, and the injunctive relief he requests will not address his claim of unmet healthcare needs. *See* Cook County v. Wolf, 962 F.3d 208, 218 (7th Cir. 2020) (noting that part of the standing requirements for injunctive relief is that "a favorable judicial decision will prevent or redress the injury"); *see also* Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). Even if the court were to construe the complaint to include a conditions-of-confinement claim, the allegations don't rise to the level of an Eighth Amendment violation. For a prison condition to trigger Eighth Amendment protections, the alleged deprivation must be "sufficiently serious" such that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Then, a plaintiff must also show that the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* The allegation that "when the showers are going they 'flood' the ranges," ECF 2 at § V, does not state a conditions-of-confinement claim.

For these reasons, the court:

(1) GRANTS Jared A. Mynatt leave to proceed against Sergeant Ruckle, Officer Michaels, LT Thompson, and LPN Vicky McFatridge in their individual

5

capacities for compensatory and punitive damages, for deliberate indifference to his serious medical needs stemming from his fall on January 13, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte, Sharon Hawk, Heishman, Case Manager John Doe, and Health Care Supervisor John/Jane Doe;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Ruckle, Officer Michaels, and LT Thompson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) LPN Vicky McFatridge at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if they have such information;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Ruckle, Officer Michaels, LT Thompson, and LPN Vicky McFatridge to respond to the complaint as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

6

to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on May 24, 2021

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT