UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JARED A. MYNATT,

    Plaintiff,

    v.

RUCKLE, et al.,

    Defendants.

CAUSE NO. 3:20-CV-893-RLM-MGG

OPINION AND ORDER

Jared A. Mynatt, a prisoner without a lawyer, is proceeding in this case "against Sergeant Ruckle, Officer Michaels, LT Thompson, and LPN Vicky McFatridge in their individual capacities for compensatory and punitive damages, for deliberate indifference to his serious medical needs stemming from his fall on January 13, 2020, in violation of the Eighth Amendment[.]" ECF 6 at 5-6. The defendants filed a motion for summary judgment, arguing Mr. Mynatt did not exhaust his administrative remedies before filing this suit. The summary judgment motion is now fully briefed (including Mr. Mynatt's unauthorized sur-reply[1])and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has considered the contents of Mr. Mynatt's sur-reply and concludes the arguments raised in the sur-reply do not change the disposition of this case.

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th

2

Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper, but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Prison officials can't "take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

The defendants point to evidence showing the following:

- The Miami Correctional Facility's Offender Grievance Process was available to Mr. Mynatt during all times relevant to his complaint. ECF 28-1 at 2; ECF 28-2.
- The grievance process requires an inmate to complete four steps to fully exhaust a grievance. ECF 28-1 at 3.
- First, the inmate must try to resolve the complaint informally by contacting an appropriate staff member. ECF 28-1 at 3; ECF 28-2 at 8-9.
- Second, if the inmate can't resolve the complaint informally, the inmate must file a formal grievance with the grievance office. ECF 28-1 at 3; ECF 28-2 at 9.
- Third, if the inmate is dissatisfied with the grievance office's response or the inmate gets no response from the grievance office within 20 business

  days, the inmate must file a Level I appeal with the warden. ECF 28-1 at 3-5; ECF 28-2 at 11-12.

- Fourth, if the inmate is dissatisfied with the warden's response or the inmate gets no response from the warden within 5 business days, the inmate must file a Level II appeal with the Department Grievance Manager. ECF 28-1 at 3, 5-6; ECF 28-2 at 12-13.

  The defendants argue that Mr. Mynatt didn't exhaust his administrative remedies before filing this lawsuit because his grievance records show that he didn't submit any grievance related to his claims. Mr. Mynatt responds that he submitted a grievance and a Level I appeal for that grievance but never got any response from the grievance office. Mr. Mynatt provides a copy of a formal grievance dated January 16, 2020, and a grievance appeal dated January 27, 2020, both of which he alleges he sent to the grievance office. ECF 48-2 at 1-2. The defendants reply that, even assuming Mr. Mynatt submitted these grievance documents to the grievance office, he still didn't exhaust his remedies because it is undisputed that he didn't submit a Level II appeal to the Department Grievance Manager after receiving no response to his Level I appeal. ECF 49.

  These undisputed facts show Mr. Mynatt didn't comply with the requirements of the grievance process in at least two ways. First, the grievance process required him to submit a Level I appeal after either (1) he received a response to his formal grievance, or (2) twenty business days passed without any response. Mr. Mynatt provides documents showing he submitted a formal grievance and then submitted a

4

Level I appeal after only seven business days had passed without a response. That Level I appeal didn't comply with the requirements of the grievance process. *See* Pozo v. McCaughtry, 286 F.3d at 1025 ("[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Second, the grievance process required Mr. Mynatt to submit a Level II appeal to the Department Grievance Manager if he received no response to his Level I appeal. In his response and sur-reply, Mr. Mynatt does not argue or point any evidence he ever submitted a Level II appeal. Even if Mr. Mynatt submitted a formal grievance and a Level I appeal, the undisputed facts show he didn't comply with the requirements of the grievance process. *See id*. Because the undisputed facts show Mr. Mynatt did not exhaust his administrative remedies prior to filing this lawsuit, the motion for summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 28); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jared A. Mynatt and to close this case.

SO ORDERED on April 13, 2022

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT